MEMORANDUM **
Robert Barroca raises several challenges to his conviction for possession of firearms as a felon. First, he argues that his firearms conviction was based on evidence discovered by an unjustified protective sweep of his apparent residence following the arrest of his co-defendant, Jesus DeAIba. Second, he maintains that the government violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose an internal affairs report and tapes of police dispatch calls that would have bolstered his defense. Third, Barroca contends that, in the alternative, his trial counsel rendered ineffective assistance by failing to review the tapes of dispatch calls recorded during his arrest and the ensuing search.
In addition, Barroca appeals his separate sentence for several drug-related offenses to which he pled guilty. He contends that his sentence should be corrected so that he serves his sentence for his drug-related offenses concurrently, rather than consecutively, with his felon-in-possession sentence.
We conclude that Barroca is not entitled to a new trial or to an adjustment of his sentence. Whether or not the protective sweep and the following search pursuant to the Mendocino County warrant were justified, the evidence discovered in those searches would inevitably have been discovered during the execution of the separate Alameda County warrant. See Foster v. Wilson, 504 F.3d 1046, 1050 (9th Cir.2007) (“[W]e may affirm the district court’s judgment on any ground the record supports.”). The Alameda County warrant was sought prior to the sweep, reviewed contemporaneously with the sweep, and approved based on information entirely independent from that gained during the sweep. There was sufficient probable cause to support it and a fair probability that evidence relating to the Hayward homicide would be found in the Gualala residence. See Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (stating that probable cause exists when “there is a fair probability that contraband or evidence of a crime will be found in a particular place”). In executing this warrant, the police would inevitably have discovered the firearms giving rise to Barroca’s felon-in-possession conviction. The admission of this evidence therefore does not provide a basis for suppressing the evidence supporting Barro- *71 ca’s conviction. See Nix v. Williams, 467 U.S. 431, 444, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); United States v. Ramirez-Sandoval, 872 F.2d 1392, 1399 (9th Cir.1989).
Because the evidence obtained in the search was properly admitted at trial, Barroca’s argument that the government failed to comply with Brady, 373 U.S. 83, 83 S.Ct. 1194, by withholding the subsequently prepared internal affairs report and dispatch tapes also fails. Even if the internal affairs report and dispatch tapes had shown the protective sweep to be unjustified, the evidence discovered during the sweep would still have been admissible under the inevitable discovery rule as described above. The impeachment value of the internal affairs report and dispatch tapes would have been marginal in light of the extensive evidence showing Barroca’s guilt. There is no “reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.” United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). The internal affairs report and dispatch tapes were therefore not “material” under Brady, 373 U.S. at 87, 83 S.Ct. 1194, and any failure to disclose them, even assuming they were within the government’s possession, custody, or control, does not warrant a new trial.
For the same reasons, any failure of Barroca’s counsel to review the dispatch tapes was not “prejudicial to the defense,” Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and Barroca is therefore not entitled to a new trial based on ineffective assistance of counsel.
Finally, Barroca contends that, based on the district court’s oral sentencing decision, Barroca’s 240-month sentence for his drug-related convictions should be served concurrently with his entire 120-month sentence for his felon-in-possession conviction. According to Bar-roca, he should serve 240 months from the date of his initial incarceration, and would already have served over half of his 240-month sentence on the day it was issued. However, the district court’s oral sentence defies Barroca’s interpretation. The district court clearly stated, “I think that [the felon-in-possession] sentence has previously been served.... But to the extent that there is any imexpired poHion of that term, this will be concurrent with the gun charge sentence.” (Emphasis added.) The district court was correct; Barroca’s felon-in-possession sentence had already been served. There was no “unexpired portion” of the felon-in-possession sentence, which had by then been fully discharged, and the district court’s order was the functional equivalent of consecutive sentences. There is therefore no reason to “correct” Barroca’s sentence.
We grant Appellant’s motions to file pro se addenda to the briefs.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.